NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0368n.06

No. 18-6167

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHAUN BURGETT,

    Plaintiff-Appellee,

v.

KENNETH WILBER, et al.,

    Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)

FILED
Jul 17, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF
TENNESSEE

**OPINION**

Before: SILER, COOK, and NALBANDIAN, Circuit Judges.

PER CURIAM. Kenneth Wilber and Anthony H. Heavner appeal the district court's order denying their motion for summary judgment, asserting their entitlement to qualified immunity from Shaun Burgett's retaliation claim brought under 42 U.S.C. § 1983. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In his complaint, Burgett, a former police officer, alleged that Wilber, mayor of Portland, Tennessee, recommended that the City Council terminate Burgett's employment. Burgett invoked the city's internal appeal process and asked the City Council to reject that recommendation. After an evidentiary hearing, the City Council overruled Wilber's decision to terminate. Wilber then consulted with Heavner, the police chief, and then placed Burgett on unpaid suspension, mandated counseling and a psychological examination, noted that they would discuss job assignments, and warned of potential disciplinary action if standards were not met. When Burgett's suspension ended, Heavner informed Burgett of changes to his job assignment, including his patrol unit assignment and his responsibility for special events and animal control calls, among other things.

Burgett further alleged that his new assignments made him the subject of ridicule and compelled him to resign as a police officer.

Burgett claimed, in pertinent part, that Wilber and Heavner were liable under § 1983 because they retaliated against him for requesting a hearing before the City Council and prevailing. Wilber and Heavner—along with a co-defendant who did not join in this appeal—moved for summary judgment, arguing that Burgett's retaliation claim failed and that they were entitled to qualified immunity. The district court determined that neither Wilber nor Heavner was entitled to qualified immunity. This appeal followed.

An order denying qualified immunity is immediately appealable and our review is de novo. *Jacobs v. Alam*, 915 F.3d 1028, 1039 (6th Cir. 2019). Once a government official claims he is entitled to qualified immunity, the plaintiff must show that he is not entitled to qualified immunity by establishing "that the official violated a statutory or constitutional right" and "that the right was clearly established at the time of the challenged conduct." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). The latter prong sets up an exacting standard in which the plaintiff must show that "every reasonable official would understand that what he is doing is unlawful." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal citations and quotation marks omitted). "It is not enough that the rule is *suggested* by then-existing precedent—it must be "beyond debate" and "settled law." *Id*. at 589–90 emphasis added) (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)).

On appeal, Wilber and Heavner primarily argue that they were entitled to qualified immunity because Burgett was not engaged in protected conduct when he appealed to the City Council.[1] In general, a constitutional retaliation claim under § 1983 requires proving that "(1) [the plaintiff] engaged in protected conduct; (2) the defendant took an adverse action against him 'that

---

[1] Burgett claims that the defendants waived this argument by not presenting it below. Appellee Br. at 19. But in their motion for summary judgment, the officers raised this precise point. They argued that "no reasonable public official could have concluded that Plaintiff was exercising a protected constitutional right when he requested and received a hearing before the City Council appealing the Defendant Wilber's termination decision." R. 30 at pp. 23–24. That's the argument raised again on appeal.

would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). But that standard only describes the general contours of a retaliation claim. *Thaddeus-X*, 175 F.3d at 394. And as we have previously explained, it "will yield variations in different contexts." *Id.*

This poses a problem for Burgett, who must show that "every reasonable official would understand that what [the defendants did] was unlawful." *Wesby*, 138 S. Ct. at 589. Ordinarily, a claim for retaliation under § 1983 sounds in the First Amendment. *See, e.g., Thomas*, 481 F.3d at 440. In those cases, we ask whether the employee "spoke as a citizen on a matter of public concern." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 386 (2011). But here, Burgett makes no argument that the First Amendment applies or that he spoke on a matter of public concern. Rather, he asserts that the city retaliated against him for invoking his right to procedural due process (a dubious proposition on its own).[2] Yet he cites no caselaw clearly establishing that the defendants can be liable under § 1983 for retaliating against Burgett after he invoked the city's internal appeal process to review the termination decision. *See Wesby*, 131 S. Ct. at 589 ("To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent.").The failure to point to any such retaliation law prevents Burgett from overcoming qualified immunity. *Id.* ("The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.").

The district court made a similar error below. In addressing the defendants' argument that Burgett has no constitutionally protected right to appeal his termination proceeding, the district court only cited cases arising from the First Amendment. *See* R. 42, PageID 1154–55. But, again,

---

[2] While the Fourteenth Amendment requires that public employees with a property interest in their job receive a due-process hearing before (or sometimes after) a termination decision, we're doubtful it creates a constitutionally protected interest in the internal *appeal* process that the employer might have enacted after providing a hearing. *See Mitchell v. Fankhauser*, 375 F.3d 477, 481 (6th Cir. 2000) ("This is not to say that two hearings are always required to satisfy due process.").

Burgett has not made a First Amendment argument. And so those cases would not put "every reasonable official" on notice that the alleged retaliation was unlawful. *See Wesby*, 131 S. Ct. at 589.

The defendants are entitled to qualified immunity. We therefore REVERSE the district court's order denying summary judgment.[3]

---

[3] Because he is entitled to qualified immunity for other reasons, we need not address Heavner's alternative argument that he cannot be liable under an "influential recommender" theory.